UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 07-23246-CIV-UNGARO/SIMONTON

TRAVELERS INDEMNITY COMPANY
OF CONNECTICUT, et al.,

    Plaintiffs,

v.

PHILIPS MEDICAL SYSTEMS N.A., INC., and
HILL YORK SERVICE CORPORATION, INC.,

    Defendants,
_____/

## ORDER

Presently pending before the Court is Plaintiffs' Motion to Compel Directed to Defendant, Hill York Service Corporation (DE # 36). The motion is fully briefed (DE ## 49, 58)[1] and has been referred to the undersigned Magistrate Judge (DE # 37). Based upon a careful review of the record as a whole, and for the reasons stated herein, Plaintiffs' motion is GRANTED IN PART AND DENIED IN PART.

    I.    **BACKGROUND**

This cause arose as a result of $2.5 million worth of damage caused to an MRI machine owned by a non-party to this action. Plaintiffs, Travelers Indemnity Company of Connecticut and Travelers Property Casualty Company of America, provided insurance to cover the cost of damages to the MRI machine and now bring this subrogation action against Defendant, Hill York Service Corporation, Inc., and others, alleging that they are liable for the damage to the MRI machine resulting from their negligence (DE # 53).

---

[1] Defendant, Hill York, filed a Privilege Log in connection with its Response in Opposition to the Motion to Compel (DE # 50).

## II.     THE INSTANT MOTION

At issue in the instant motion are five requests for production (Requests for Production Nos. 2-3, 8, 10 and 11), as well as a single interrogatory propounded by Plaintiffs (Interrogatory No. 2).  The Court will address each of the disputed discovery items in turn below.

### A.     General Objections

First, Plaintiffs argue that the Court should overrule the "General Objections" that Hill York lodged in responding to Plaintiffs' discovery requests.  They state that the boilerplate objections that preface Hill York's discovery responses – which attempt to raise objections to any requests or interrogatories that are "overly broad or unduly burdensome, are not limited to a specific time period, seek irrelevant documents or are not reasonably calculated to lead to the discovery of admissible evidence, . . . call for speculation, are vague and ambiguous," or are subject to any claim of "privilege or immunity" – are not recognized as valid objections under the Federal and Local Rules (DE # 36 at 3-4).  In its Response, Hill York wisely agreed to withdraw its generalized, boilerplate objections (DE # 49 at 2-3).

### B.     Unclear Responses to Request Nos. 2-3 and 8

#### 1.     The Parties' Positions

Next, Plaintiffs argue that Hill York's responses to Request Nos. 2-3 and 8 are unclear, in that they and conceal what documents Hill York has produced and whether Hill York is withholding any responsive documents.

Request No. 1, which is not a matter currently in dispute, sought Hill York's "entire file" for worked performed at the facility where the MRI machine is located.  Hill York responded to Request Nos. 2-3 and 8 by stating "See Response to Request No. 1."

**One interpretation of this response is that any documents responsive to the disputed requests – including all documents regarding maintenance and repair at the MRI facility (Request No. 2); all scheduling documents reflecting maintenance performed at the MRI facility (Request No. 3); and all documents created, prepared, received or submitted to Hill York regarding maintenance at the MRI facility Request No. 8) – were components of the "entire file" Hill York produced in connection with its response to Request No. 1. However, as Plaintiffs point out, it may be the case that additional documents were not kept in the "entire file" and remain to be produced.  In light of the fact that Hill York responded to Request No. 4 by clearly stating, "None, other than those documents produced in response to Request No. 1," Plaintiffs claim that Hill York's responses to Request Nos. 2-3 and 8 are ambiguous and require clear responses, in a manner consistent with its response to Request No. 4 (DE # 58 at 3).**

      **Hill York states that Request No. 1 was a "catch-all" request for Hill York's "entire file for all services performed" at the facility where the MRI machine was located; that Requests 2-3 and 8 basically request the same materials; that Hill York has produced all responsive documents; and, that any confusion stems from the fact that Requests 2-3 and 8 ask for the same documents that it already produced in connection with Request No. 1 (DE # 49 at 3-5).**

      2.    <u>Analysis</u>

      **Plaintiffs' request for clarification is well founded.  Hill York shall respond to Request Nos. 2-3 and 8 separately.  If Hill York's response to a given discovery request is that it has produced all documents within its possession, custody or control in connection with its response to Request No. 1, then Hill York shall state, "None, other than those documents produced in response to Request No. 1."  If Hill York's response**

3

**to a given discovery request is based on a valid and timely objection, Hill York shall clearly and specifically state its objection. If there are any documents within Hill York's possession, custody or control that are responsive to a given discovery request that have not been produced and are not subject to a valid and timely objection, Hill York shall produce that item of discovery.**

        **C.    <u>Work Product Privilege Pertaining to Request Nos. 10-11</u>[2]**

              **1.    <u>The Parties' Positions</u>**

**In response to Request Nos. 10-11 – which sought any documents prepared by Hill York, its agents and employees in relation to the incident involving the MRI machine (Request No. 10), as well as any documents repaired by Hill York, its agents and employees reflecting Hill York's opinion as to the cause of the incident that damaged the MRI machine (Request No. 11) –, Hill York withheld five documents on the basis of work product privilege. Pursuant to this Court's Order (DE # 67), Hill York submitted the documents for *in camera* review by the undersigned Magistrate Judge. The documents at issue are identified in Hill York's Privilege Log in the following manner (DE # 50):**

1.     Zurich BI Claim Report – 180 day update.
2.     Correspondence dated 11/04/2004, from Richard C. Stewart, RC Clicks & Associates, Inc., to Dave Flack, Zurich Insurance Company, regarding its investigation of this loss.
3.     Correspondence dated 10/14/2004, from Chris G. Simadis, Controlled Environmental Systems, Inc., to RC Clicks, regarding inspection of MRI machine and chiller.
4.     Correspondence dated 9/08/2004 from RC Clicks to Dave Flack regarding its investigation of this loss.
5.     Undated, 3-page, typed report regarding "Notes From Technician John Eastwood."

---

[2] Hill York notes that it withdrew its objection to these requests based on a claim of attorney-client privilege, but expressly preserved its work-product objection (DE # 49 at 6 n.1)

Hill York contends that these descriptions, on their face, establish that the documents in question were prepared in anticipation of litigation.  Hill York relies heavily on the dates the documents were generated.  First, according to Hill York, the date the lawsuit was filed is not determinative if the documents were prepared in anticipation of an expected lawsuit.  Therefore, Hill York argues, the relevant dates are July 16, 2004, the date the MRI machine was damaged; July 29, 2004, the date Hill York was notified of the loss by correspondence; and August 4, 2004, the date Hill York forwarded a copy of the correspondence to its insurer (DE # 49 at 6-7).[3]

Plaintiffs, on the other hand, argue that it not sufficient that work product materials were generated in the face of a "likely chance" of litigation, but rather that the litigation must be "imminent" (DE # 36 at 8-9) (citing *FDIC v. Cherry, Bekaert & Holland*, 131 F.R.D. 596, 603 (M.D. Fla. 1990)).  Plaintiffs point out that two of the withheld documents are undated while the remaining documents were created in 2004, over three years prior to the filing of this lawsuit; therefore, Plaintiffs contend, the documents in question were not created in anticipation of "imminent" litigation, but rather the requested materials are more akin to documents created in the normal course of Hill York's business.  Moreover, Plaintiffs assert, it is not enough that the documents in question are germane to an anticipated lawsuit, but rather that they must have been created "principally or exclusively to assist in anticipated or ongoing litigation" (DE # 36 at 9) (citing *St. Joe Co. v. Liberty Mut. Ins. Co.*, No. 3:05-cv-1266-J-25MCR, 2006 WL

---

[3] Hill York further argues that, assuming the documents are privileged, Plaintiffs do not have a substantial need for the requested documents sufficient to require their production (DE # 49 at 8).  Plaintiffs do not argue that they have a substantial need for the documents, merely that Hill York has not satisfied its initial burden of proving the documents are privileged in the first place.

3391208, at *7 (M.D. Fla. Nov. 22, 2006)).[4]

    2.   <u>Analysis</u>

The undersigned finds, based upon her *in camera* review of the documents in question, that they are protected from discovery pursuant to the work product doctrine. Hill York has satisfied its burden of establishing that the materials are privileged work-product under Federal Rule 26(b)(3) and Plaintiffs have not argued that they are entitled to discover them based upon a substantial need. Plaintiffs are correct that the work product doctrine does not apply to materials prepared in the ordinary course of business. Nor does the work product doctrine apply to materials prepared simply because there is a "general possibility" that litigation will ensue in the future. *See National Union Fire Ins. Co. v. Murray Sheet Metal Co.*, 967 F.2d 980, 984 (4th Cir. 1992). The work product doctrine only applies where "*the primary motivating purpose behind the creation of the document was to aid in possible future litigation.*" *Alexander v. Carnival Corp.*, 238 F.R.D. 318, 319 (S.D. Fla. 2006).

Based upon her *in camera* review of the withheld documents, the undersigned concludes that Hill York correctly identified them as work-product not subject to discovery. While it is not apparent from the bare description of the documents contained in Hill York's Privilege Log, an examination of the documents themselves shows that they contain, among other things, evaluations of possible defenses to be used at trial; analyses examining the scope of damages and the potential costs of

---

[4] Hill York states that its initial response to Request No. 11 – in which it stated that no responsive materials existed – was incorrect. Hill York explains that it intended to respond to Request No. 11 by withholding the same privileged documents it listed in its response to Request No. 10 for the all the same reasons stated in its response to Request No. 10 (DE # 49 at 8-9).

litigation; notes of witness statements; and assessments of the merits of possible claims and defenses.  The content of the documents also evinces that, at the time these documents were generated, litigation was not only possible, but that it was anticipated; and, that they were created primarily with an eye towards litigation.  *See Alexander*, 238 F.R.D. at 319.  Moreover, even though they were not created by Hill York's counsel directly, requiring production of the documents would tip Hill York's hand by revealing Hill York's likely trial strategies.  *See In re S.W. Fla. Tele-Comms., Inc.*, 195 B.R. 504, 506 (Bankr. M.D. Fla. 1996) (citing *United States v. Nobles*, 422 U.S. 225, 238 (1975)).  Thus, although not all documents prepared subsequent to the accident constitute work-product, these five documents in particular were created in the shadow of anticipated litigation, and created primarily – if not exclusively – in preparation for a future trial. Therefore, Hill York is not required to produce responsive documents enumerated in its privilege log as being responsive to Request Nos. 10-11.

      D.    <u>Leave of Court and Unclear Response to Interrogatory No. 2</u>[5]

In Interrogatory No. 2, Plaintiffs requested the contact information for every employee or agent of Hill York that performed any work at the MRI facility, the date they performed work there, and a description of the work performed (DE # 36 at 10-11).  Hill York agreed to provide the contact information for all employees who performed work at the MRI facility and "it will do so with leave of this Court" (DE # 49 at 9).  Plaintiffs correctly point out, however, that leave of Court is not necessary in order for Hill York to supplement its discovery responses (DE # 58 at 8) (citing Fed. R. Civ. P. 26(e)).

With regard to the dates that Hill York employees performed work at the MRI

---

[5] Hill York has withdrawn its relevancy objections to this Interrogatory (DE # 36 at 11).

**facility and a description of the work performed, Hill York has indicated that it will be equally burdensome for either party to find that information among Hill York's business records and, therefore, Hill York intends to exercise its option, under Federal Rule 33, to specify the records that must be reviewed and to give Plaintiffs an opportunity to examine the records themselves (DE # 49 at 9). However, this Court agrees with Plaintiffs that Hill York's response to this interrogatory is unclear for the same reasons that its response to Request Nos. 2-3 and 8 is unclear – namely, Hill York has not specified whether it has produced all the documents germane to Interrogatory No. 2, or whether additional documents remain to be produced. Therefore, if Hill York has fully responded to Interrogatory No. 2, then Hill York shall state that it has produced all of its "business records (including electronically stored information) necessary to determine the answer to Interrogatory No. 2;" and, must specify "the records that must be reviewed in sufficient detail to enable Plaintiffs to locate and identify them as readily as Hill York could." It is, accordingly,**

   **ORDERED AND ADJUDGED** **that Plaintiffs' Motion to Compel (DE # 36) is GRANTED IN PART AND DENIED IN PART as follows:**

   **1.     On or before July 14, 2008, Hill York shall serve upon Plaintiffs' counsel a supplemental response to Request Nos. 2-3 and 8. If Hill York's response to a given discovery request is that it has produced all documents within its possession, custody or control in connection with its response to Request No. 1, then Hill York shall state, "None, other than those documents produced in response to Request No. 1." If Hill York's response to a given discovery request is based on a valid and timely objection, Hill York shall clearly and specifically state its objection. If there are any documents**

within Hill York's possession, custody or control that are responsive to a given discovery request that have not been produced and are not subject to a valid and timely objection, Hill York shall produce that item of discovery.

2. On or before July 14, 2008, Hill York shall serve upon Plaintiffs' counsel a supplementary response to Interrogatory No. 2, which either answers the interrogatory or states that it has produced all of its "business records (including electronically stored information) necessary to determine the answer to Interrogatory No. 2;" and, which specifies"the records that must be reviewed in sufficient detail to enable Plaintiffs to locate and identify them as readily as Hill York could."  In addition, as conceded by Hill York, the names and current addresses and phone numbers of those individuals who performed services and/or maintenance at the MRI facility shall be provided.

3. Plaintiffs' Motion to Compel (DE # 36) is **DENIED** with regard to the documents identified in Hill York's Privilege Log and withheld on the basis of the work product doctrine.

**DONE AND ORDERED** in chambers, in Miami, Florida on July 7, 2008.

*Andrea M. Simonton*
_____
ANDREA M. SIMONTON
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:
The Honorable Ursula Ungaro,
    United States District Judge
All counsel of record