UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 07-23246-CIV-UNGARO/SIMONTON

**TRAVELERS INDEMNITY COMPANY
OF CONNECTICUT, et al.,**

    **Plaintiffs,**

v.

**PHILIPS MEDICAL SYSTEMS, et al.,**

    **Defendants.**
_____/

## ORDER GRANTING PLAINTIFFS' MOTION TO COMPEL BY DEFAULT

Presently pending before the Court is Plaintiffs' Motion to Compel (DE # 105). This motion is referred to the undersigned Magistrate Judge (DE # 106). The deadline for filing a timely response in opposition to the motion to compel expired on October 3, 2008 and no response has been filed to date. Therefore, it is hereby ORDERED that Plaintiffs' motion is GRANTED, BY DEFAULT.

### I.   BACKGROUND

This is a subrogation action involving allegations that Defendants contributed to causing damage to an MRI machine owned by Plaintiffs' insureds. Plaintiffs claim that Carlos Cespedes contributed to the damage while he was employed by Marconi Medical Systems, Inc., before that entity was purchased by Philips Medical Systems (DE # 53).

### II.   THE INSTANT MOTION

According to Plaintiffs, they served discovery requests upon Marconi and Philips on July 29-30, 2008, seeking four categories of documents, including (1) materials relating to the sale and purchase of Marconi by Philips; (2) Carlos Cespedes' paycheck stubs, i-line forms, W-2 and W-4 forms and 1099 forms for the years 2000-2004; (3)

Carlos Cespdes' redacted IRS information; and (4) a complete copy of Carlos Cespedes' redacted payroll and pension files (DE # 105 at 2-3).

Although Defendants were required to respond by August 28-29, 2008, they waited until September 5, 2008 to file identical objections, stating that

> Extensive discovery and live testimony has been taken.  Now the Plaintiff seeks access to a body of information which is voluminous, will not lead to the disclosure of admissible evidence and is over burdensome and harrassing [sic] to Philips and its employee, who his not a named defendant in this lawsuit.  As such, Philips objects to the production of this information and to further inquiry in this regard

(DE # 105 at 3).  The instant motion to compel followed.

### III. ANALYSIS

Defendants were required to respond to the motion to compel on or before October 3, 3008.  The undersigned finds, based upon an independent review of the record, that the materials requested are relevant because they are "reasonably calculated to lead to the discovery of admissible evidence," for the purpose of establishing fault as well as for apportioning liability between the co-defendants, among other things.  Fed. R. Civ. P. 26(b).

The undersigned notes, moreover, that Defendants objections are not meritorious.  Unless the discovery request is irrelevant on its face, the party resisting discovery bears the burden of specifically demonstrating how the discovery is irrelevant or otherwise not subject to discovery.  *See Donahay v. Palm Beach Tours & Transp., Inc.*, 242 F.R.D. 685, 687 (S.D. Fla. 2007).  This means that parties are not permitted to interpose conclusory, boilerplate objections that fail to explain the precise grounds that make the request objectionable.  *See Guzman v. Irmadan, Inc.*, 249 F.R.D. 399, 400 (S.D. Fla. 2008).  Defendants' discovery objections in this case are a model of the conclusory,

boilerplate objections disfavored by the Federal Rules and this Court.

Finally, the undersigned is cognizant that some of the requested materials potentially contain private or sensitive information pertaining to non-party Carlos Cespedes.  Plaintiffs have agreed to permit Defendants to redact such information as necessary in order to avoid privacy concerns.  Plaintiffs are also required to ensure that private or sensitive information produced by Defendants must be treated with discretion, and that they are not shared with or divulged to individual or entity for any reason outside the context of the instant litigation.  It is, accordingly,

**ORDERED AND ADJUDGED** that Plaintiffs' Motion to Compel (DE # 105) is **GRANTED, BY DEFAULT**.  On or before Friday, October 17, 2008, Defendants shall provide to Plaintiffs any documents within their possession, custody or control that are responsive to Plaintiffs' Second Request for Production to Defendant Philips Medical Systems N.A., Inc. and Plaintiffs' First Request for Production to Defendant Philips Medical Systems (Cleveland), Inc., f/k/a Marconi Medical Systems, Inc.

**DONE AND ORDERED** in chambers in Miami, Florida, on October 7, 2008.

*Andrea M. Simonton*
_____
ANDREA M. SIMONTON
UNITED STATES MAGISTRATE JUDGE

**Copies to:**
The Honorable Ursula Ungaro,
    United States District Judge
All counsel of record